WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-00183-002-PHX-DJH (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Haidar Hadi Assi Mubarak, | |
| Defendants. | |

The Court has considered Defendant Haidar Mubarak's Motion to Vacate Order of Detention (Doc. 43) and the Government's Response (Doc. 45). Defendant brings the Motion pursuant to 18 U.S.C. § 3142(f)(2)(B), which authorizes the Court to reopen a detention hearing to consider information which exists that was not known to the movant at the time of the hearing. The new information must also have a material bearing on the issue of detention or release. *See U.S. v. Dillon*, 938 F.2d 1412 (1st Cir. 1991).

On February 18, 2015, the Grand Jury returned an Indictment charging Defendant with: Conspiracy to Provide False Statement under Oath in a Matter Relating to Naturalization/Citizenship and Unlawful Procurement of Citizenship; False Statement under Oath in a Matter Relating to Naturalization/Citizenship; and Unlawful Procurement of Citizenship. (Doc. 1). A detention hearing was held on February 23, 2015. Defendant was detained as a flight risk. (Doc. 23).

In his Motion (Doc. 43), Defendant presents no new information that was not known to the Defendant at the time of his detention hearing. In fact, the information set

forth in the Motion (Doc. 43) was heard by the Court on February 23, 2015. The Court weighed all of the factors set forth in 18 U.S.C. § 3142(g), found the Defendant to be a flight risk by a preponderance of the evidence, made additional findings, and detained the Defendant.

Defendant has failed to meet his burden of proof pursuant to 18 U.S.C. § 3142(f)(2)(B). The Motion (Doc. 43) is denied.

The Government also presents argument pursuant to 18 U.S.C. § 3145(b). However, the District Court Judge referred the Defendant's Motion (Doc. 43) to the undersigned as a motion to reopen proceedings filed pursuant to 18 U.S.C. § 3142(f)(2)(B). If reconsideration, appeal, or amendment of the Magistrate Judge's Order (Doc. 23) is sought, the Motion should properly be referred to the District Court Judge and reference 18 U.S.C. § 3145. *See U.S. v. Gebro*, 948 F.2d 1118 (9th Cir. 1991) (District Court has jurisdiction to review Magistrate Judge's detention order); *U.S. v. Koenig*, 912 F.2d 1190 (9th Cir. 1990) (District Court makes its own *de novo* factual determinations in reviewing denial of pretrial release). Defendant's Motion (Doc. 43) does not reference 18 U.S.C. § 3145. Therefore, no further action is taken by the undersigned.

Dated this 31st day of March, 2015.

_____
Honorable Eileen S. Willett
United States Magistrate Judge